UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOCO ENTERPRISES, INC.,

    Plaintiff,

v.    Case No. 11-13962
    Honorable Denise Page Hood

SELECTIVE INSURANCE COMPANY OF
SOUTH CAROLINA, and SELECTIVE
INSURANCE COMPANY OF AMERICA,

    Defendants.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, ALTERNATIVELY FOR MORE DEFINITE STATEMENT

**I.    INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim or, alternatively for More Definite Statement **[Docket No. 5, filed September 19, 2011]**. Plaintiff filed a response on September 29, 2011 **[Docket No. 7]** and Defendants filed a reply on October 7, 2011 **[Docket No. 9]**.

**II.    STATEMENT OF FACTS**

It is not completely clear what facts led to the filing of this Complaint. Plaintiff alleges that two of its employees engaged in embezzlement and misappropriation of Plaintiff's funds. Plaintiff initiated actions against both employees in Oakland County Circuit Court. Plaintiff alleges that the employees' actions are "occurrences" under its contract with Defendants. Plaintiff further alleges that Defendants breached the contract by denying payment to Plaintiff. Plaintiff did not provide any additional facts in its response to Defendants.

**III.     STANDARD OF REVIEW**

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. The Court will accept all the factual allegations as true and review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs*, 510 F.3d 631, 634 (6th Cir. 2007). To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A motion to dismiss is appropriate when the plaintiff is unable to prove any set of facts to support his claim that he is entitled to relief. *Varljen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429 (6th Cir. 2001). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Twombly*, 550 U.S. at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Furthermore, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendants is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 556 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement before filing a responsive pleading when the pleading "is so vague or ambiguous that the party cannot

reasonably prepare a response."  Federal courts generally disfavor such motions and in light of "the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant such motions."  *E.E.O.C. v. FPM Group, Ltd.*, 657 F.Supp.2d 957, 966 (E.D. Tenn. 2009).  A court should not grant a motion for more definite statement unless the Complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."  *Id.* (quoting *Kok v. First Unum Life Ins. Co.*, 154 F.Supp.2d 777, 781-82 (S.D.N.Y. 2001)).

## IV.   ANALYSIS

Defendants argue that Plaintiff has failed to demonstrate why it is entitled to relief under the insurance policy.  Specifically, Defendants contend that the factual allegations in Plaintiff's Complaint are sparse and do not "connect the dots" to an entitlement to relief.  Defendants assert that the Complaint fails to indicate what policy entitles it to relief, what limitations or conditions precedent are applicable, how the "occurrences" are covered under the policy, the relevant periods of coverage, and what actions by Defendants amounted to bad faith.  Defendants further contend that the Complaint is so vague that they could not reasonably respond to it and would be required to "plead every possible defense under the sun to a claim involving coverage under an insurance policy."

Plaintiff's Complaint is deficient in the manner that Defendants allege.  The Complaint recites a long history of facts describing the employees' embezzlement and misappropriation of Plaintiff's funds.  It then states in a conclusory manner that such activity was covered under the policy as an "occurrence," Defendants denied coverage in bad faith, and it is entitled to several hundred thousand dollars in damages due to this alleged breach of contract.  It does not indicate what the policy was, how it was breached, or how the employees' activities amounted to an

"occurrence" that entitles it to relief.  The Complaint is vague and does not provide a sufficient basis to determine what entitles Plaintiff's to relief.  The Court will allow Plaintiff an opportunity to amend its Complaint to cure these deficiencies.

## V.     CONCLUSION

**IT IS ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim or, alternatively for More Definite Statement **[Docket No. 5, filed September 19, 2011]** is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff has fourteen (14) days from the date of this order to cure the deficiencies in its complaint and file an amended complaint.

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 28, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager